V/F

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 2 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

NEIL J. BROWN, Derivatively on Behalf of
Nominal Defendant FORCEFIELD ENERGY,
INC.,

                 Plaintiff,

     v.

RICHARD ST-JULIEN, DAVID NATAN, JASON
WILLIAMS, DAVID VANDERHORST, ADRIAN
AUMAN, and KEBIR RATNANI,

                 Defendants,

and

FORCEFIELD ENERGY, INC.,

                 Nominal Defendant.

C.A. No. 1:15-cv-2782-ARR-VVP

KAI SU, Derivatively on Behalf of Nominal
Defendant FORCEFIELD ENERGY, INC.,

                 Plaintiff,

     v.

RICHARD ST-JULIEN, DAVID NATAN, DAVID
VANDERHORST, ADRIAN AUMAN, and KEBIR
RATNANI,

                 Defendants,

and

FORCEFIELD ENERGY, INC.,

                 Nominal Defendant.

C.A. No. 1:15-cv-4080-FB-VVP

Final

**ORDER CONSOLIDATING ACTIONS,
APPOINTING CO-LEAD COUNSEL AND RELATED MATTERS**

WHEREAS, there are presently two related shareholder derivative actions against certain officers and directors of ForceField Energy, Inc. ("ForceField" or the "Company") on file in this Court;

WHEREAS, the two ForceField shareholder derivative actions arise out of the same alleged transactions and occurrences and involve the same or substantially similar alleged issues of fact and law, and, therefore, should be consolidated for all purposes;

WHEREAS, ForceField and individual defendants David Natan, Jason Williams, David Vanderhorst, Adrian Auman, and Kebir Ratnani take no position as to whether the above-captioned actions should be consolidated;

WHEREAS, ForceField and individual defendants David Natan, Jason Williams, David Vanderhorst, Adrian Auman, and Kebir Ratnani take no position as to the appointment of Harwood Feffer LLP and The Brown Law Firm as co-lead counsel for plaintiffs;

WHEREAS, the Court has considered the motion papers submitted and for good cause shown:

\* \* \*

Now, therefore, the Court ORDERS as follows:

## I.  CONSOLIDATION OF THE RELATED SHAREHOLDER DERIVATIVE ACTIONS

The following actions are hereby related and consolidated for all purposes, including pre-trial proceedings and trial:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Brown v. St-Julien, et al.* | 1:15-CV-2782-ARR-VVP | May 13, 2015 |
| *Su v. St-Julien, et al.* | 1:15-CV-4080-FB-VVP | July 10, 2015 |

The above-captioned actions are referred to herein as the "Consolidated Action." The Consolidated Action includes subsequently filed or cases that are consolidated into the Consolidated Action.

## II.     CAPTION OF CASES

Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION | ) ) Lead Case No. 1:15-CV-2782-ARR-VVP ) |
| This Document Relates to: | ) ) ) |
| ALL ACTIONS | ) ) ) |

## III.    MASTER DOCKET

The files of the Consolidated Action shall be maintained in one file under Master File No. 1:15-CV-2782-ARR-VVP.

## IV.     CONSOLIDATED COMPLAINT

Plaintiffs shall file a consolidated complaint on a schedule to be agreed between the parties or approved by the Court.  The consolidated complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. Defendants have no obligation to answer, move, or otherwise respond to the complaint filed in *Brown v. St-Julien, et al.*, 1:15-CV-2782-ARR-VVP, the complaint filed in *Su v. St-Julien, et al.*, 1:15-CV-4080-FB-VVP, or any other related pleading or action prior to the entry of a schedule and the filing of the Consolidated Complaint.

## V.      ORGANIZATION OF COUNSEL

Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action are:

HARWOOD FEFFER LLP
Robert I. Harwood
Matthew M. Houston
Benjamin I. Sachs-Michaels
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

- 3 -

-and-

THE BROWN LAW FIRM, P.C.
Timothy W. Brown
127A Cove Road
Oyster Bay Cove, NY 11771
Telephone: (516) 922-5427

Each of Co-Lead Counsel shall have authority to speak for plaintiffs in all matters concerning the prosecution and resolution of the Consolidated Action, including with respect to pre-trial procedure, motion practice and discovery, trial and settlement negotiations. Defendants' counsel may rely upon agreements made with Co-Lead Counsel and such agreements shall be binding on all plaintiffs.

Co-Lead Counsel shall be responsible on behalf of all plaintiffs for all matters concerning the prosecution and resolution of the Consolidated Action, including (a) setting policy for plaintiffs for the prosecution of this litigation; (b) delegating and monitoring the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense; (c) coordinating, on behalf of plaintiffs, the initiation, response, scheduling, briefing and argument of all motions, and the initiation and conduct of all discovery proceedings; (d) designating attorneys to appear at hearings and conferences; (d) determining the timing and substance of any settlement negotiations with defendants; and (e) providing supervision and coordination of the activities of plaintiffs' counsel. Co-Lead Counsel shall coordinate all activities and appearances on behalf of plaintiffs and shall be responsible for the dissemination of notices and orders of this Court. Co-Lead Counsel shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the Consolidated Action and to avoid duplicative or unproductive effort. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Co-Lead Counsel.

Each of Co-Lead Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Co-Lead Counsel shall be responsible for creating and maintaining a master service list of all

parties and their respective counsel. Service on one of Co-Lead Counsel shall be sufficient as notice to Plaintiffs in this action.

## VI.    NEWLY FILED OR TRANSFERRED ACTIONS

This Order shall apply to each shareholder derivative action arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in or transferred to this Court.

When a case which properly belongs as part of the *In re ForceField, Inc. Derivative Litigation,* Lead Case No. 1:15-cv-2782-ARR-VVP, is hereafter filed in this Court or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the *In re ForceField, Inc. Derivative Litigation,* Lead Case No. 1:15-cv-2782-ARR-VVP, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

IT IS SO ORDERED.

Date: _Jan. 11, 2016_

/s/(ARR)

District Judge

- 5 -